

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-92,082-01

**EX PARTE ROBERTO GONZALEZ ᴀᴋᴀ RUPERTO GONZALEZ, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 18-081-A IN THE 421ST DISTRICT COURT
FROM CALDWELL COUNTY**

*Per curiam*.

## O P I N I O N

Applicant was convicted of murder and sentenced to sixty years' imprisonment. Applicant filed a direct appeal, which was dismissed for want of jurisdiction. *Gonzalez v. State*, No. 03-20-00172-CR (Tex. App.—Austin, June 26, 2020). He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 11.07.

Applicant contends, among other things, that he was denied his right to an appeal because appellate counsel failed to timely file a notice of appeal. Based on the record, the trial court has found that appellate counsel failed to timely file a notice of appeal. We agree.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*,

98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his conviction in cause number 18-081 from the 421st District Court of Caldwell County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. All deadlines shall be calculated as if Applicant was sentenced on the date of this Court's mandate. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 13, 2021
Do not publish